IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

PROPHET PRO SE WRITER )
PREACHER SAINT ATTORNEY )
AT LAW MR. DENNIS ROGER )
VANDYKE, )
 )
       Plaintiff, )
 )
       v. )       1:14CV668
 )
PIEDMONT CI ADMINISTRATION )
AND MEDICAL, et al., )
 )
       Defendant(s). )

ORDER AND RECOMMENDATION
OF UNITED STATES MAGISTRATE JUDGE

Plaintiff, a prisoner of the State of North Carolina, submitted a civil rights action pursuant to 42 U.S.C. § 1983, together with an application to proceed *in forma pauperis*. The form of the Complaint is such that serious flaws make it impossible to further process the Complaint. The problems are:

1. Plaintiff's claims are rambling and incoherent to the point of being incomprehensible.

2. Pursuant to the Prison Litigation Reform Act, Plaintiff may no longer proceed *in forma pauperis* in this Court unless he is under imminent danger of serious physical injury. The Act provides that:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is

> frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.
>
> 28 U.S.C. § 1915(g). As recently noted by the United States District Court for the Western District of North Carolina, Plaintiff has had three or more cases dismissed on the grounds that they were frivolous. <u>Van Dyke v. Thornburg</u>, Case No. 1:14-cv-160-FDW (W.D.N.C., June, 30, 2014) (unpublished). At various points in his current submission, Plaintiff makes claims of danger, although they either point to past, rather than current, conditions, or are too vague and conclusory to successfully circumvent the three strikes bar.

Consequently, the Complaint should be dismissed, but without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, which corrects the defects of the present Complaint. If Plaintiff obtains the required $400.00 filing fee, he should request the proper forms for filing his Complaint from the Clerk's Office and then file his Complaint on those forms, along with the filing fee.

*In forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS THEREFORE ORDERED that *in forma pauperis* status is granted for the sole purpose of entering this Order and Recommendation.

IT IS RECOMMENDED that this action be filed and dismissed *sua sponte* without prejudice to Plaintiff filing a new complaint, on the proper § 1983 forms, and accompanied by the $400.00 filing fee.

This, the 11th day of August, 2014.

/s/ L. Patrick Auld
**L. Patrick Auld**
**United States Magistrate Judge**